IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CATRELLE AGEE**                                                                                       **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:20-cv-161-DCB-MTP**

**SGT. V. GREEN, ET AL.**                                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [30] filed by Defendants Vickie Green, Matthew Schoettmer, Terry Daniel, and Angelique Earl. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [30] be granted and this action be dismissed with prejudice.

## BACKGROUND

On July 31, 2020, Plaintiff Catrelle Agee, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from events which allegedly occurred while he was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility. In his complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff claims that Defendants used excessive force against him, raising the following allegations.

According to Plaintiff, on March 2, 2020, Defendants Green and Schoettmer came to his cell and asked him to go to the medical unit. Plaintiff refused and told Green and Schoettmer he did not want to go to the medical unit. After Plaintiff refused, Green and Schoettmer grabbed him and slammed him on the floor. Defendant Earl then attempted to place restraints on

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the compliant).

Plaintiff's wrists, while Defendant Daniel held his foot on Plaintiff's head. Plaintiff remained on the floor for eight to ten minutes and did not resist. Defendants placed restraints on Plaintiff and escorted him to the medical unit. Plaintiff refused medical treatment at the medical unit, and Defendants escorted him back to his cell. Plaintiff claims that the Defendants' use of force resulted in him suffering headaches.

On June 15, 2021, Defendants filed their Motion for Summary Judgment [30]. Plaintiff did not file a response to the Motion [30], and the time for doing so has long since passed.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue

exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**ANALYSIS**

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "'the *core judicial inquiry* is . . . whether force was applied in a *good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm*.'" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In determining whether excessive force was applied, courts consider several factors, including: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838. The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provide that the use of force is not of a sort repugnant to the conscience of mankind." *Copeland v. Nunan*, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001).

In support of their Motion for Summary Judgment [30], Defendants submitted an Incident Report [30-2] prepared by Defendant Green. According to the report, the following events occurred. Green and Schoettmer were called to Plaintiff's cell because he was "spitting up." Plaintiff was incoherent, and Green called for medical staff. After medical staff arrived, Green and Schoettmer assisted Plaintiff into a wheelchair. Schoettmer attempted to place restraints on Plaintiff, but Plaintiff resisted and got out of the wheelchair. Thereafter, Green and Schoettmer took Plaintiff to the ground and held him while Earl placed restraints on him. Officers then escorted Plaintiff to the medical unit. While no injuries to Plaintiff were noted, Green suffered a sprained wrist and Earl suffered a bite to her finger. *See* [30-2].

Plaintiff and Defendants present different versions of the events at issue. However, even accepting Plaintiff's version of events as true,[2] Plaintiff has failed to demonstrate a genuine issue as to any material fact. Plaintiff testified that he did not resist while Defendants attempted to place restraints on him, but he admitted that he did not comply with the officers' orders that he go to the medical unit. It is clear that disobeying orders poses a threat to the order and security of an institution. *See Minix v. Blevins*, 2007 WL 1217883, at *24 (E.D. Tex. April 23, 2007) (recognizing that even where a prisoner believes an order to be "unjustified and improper, this does not give him the right to disobey them at his whim"). Courts have recognized that a prisoner's refusal to comply with orders justifies the use of some degree of force. *See, e.g., Calhoun v. Wyatt*, 2013 WL 1882367, at *6 (E.D. Tex. May 2, 2013) (noting that inmate's refusal to obey orders "set the stage for the use of force"). Thus, the record demonstrates that

---

[2] As previously mentioned, when deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.

4

officers were permitted to use some degree of force in response to Plaintiff's refusal to comply with their orders.

Additionally, Defendants Schoettmer and Green submitted affidavits stating that Plaintiff was incoherent and acting erratically. *See* [30-3]; [30-4]. According to these Defendants, Plaintiff refused to comply with commands and positioned himself in an aggressive stance. *Id*. These Defendants also state that it appeared Plaintiff was under the influence of an illicit substance. *Id*. Defendants submitted Plaintiff's medical records from the day of the incident, and the records note that Plaintiff admitted he was under the influence of illicit drugs. *See* [30-6] at 3. Defendants have presented evidence demonstrating that it was reasonable for them to perceive a threat from Plaintiff, and Plaintiff has not presented evidence, through testimony of otherwise, showing that Defendants did not reasonably perceive him as a threat.

Concerning the amount of force used, Schoettmer and Green state in their affidavits that in response to Plaintiff noncompliant, threatening behavior, they "used open-hand techniques to place [Plaintiff] on the floor in order to gain his compliance and to prevent him from harming staff or himself." *See* [30-3]; [30-4]. Plaintiff testified that Green and Schoettmer grabbed him and slammed him on the floor and that Earl placed restraints on Plaintiff's wrists, while Daniel held his foot on Plaintiff's head.

According to Plaintiff, Defendants' use of force resulted in him suffering headaches.[3] Plaintiff's medical records demonstrate that a nurse examined him following the incident and

---

[3] Plaintiff alleged in his unverified Complaint [1] that the force used by Defendants knocked out his front teeth. During his sworn testimony, however, Plaintiff did not allege that his teeth were knocked out. Additionally, Plaintiff did not respond to the Motion for Summary Judgment. Plaintiff "may not rest upon allegations in the pleadings or complaint, but must utilize summary judgment facts demonstrating the existence of a genuine issue for trial." *S&W Enterprises, LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 537 (5th Cir. 2003).

noted no injuries. *See* [30-6] at 2. Additionally, Plaintiff informed the nurse that he was "fine." *Id*. at 3. Plaintiff has not responded to the Motion for Summary Judgment or provided evidence, medical or otherwise, linking his alleged headaches to the incident.

Considering the relevant factors, this incident was "not the type of egregious punishment that shocks the conscience of mankind or otherwise invokes the protections of the Eighth Amendment." *See Jones v. Taylor*, 2015 WL 5793721, at *10 (S.D. Tex. Oct. 1, 2015); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim."). Considering Plaintiff's noncompliant behavior and the "threat reasonably perceived" by Defendants, the actions taken by Defendants were reasonable. *Baldwin*, 137 F.3d at 838-39. The record, including Plaintiff's own testimony, demonstrates that Defendants' force was applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm. *See Id*.; *Miles v. Murra*, 2006 WL 456269, at *3-4 (S.D. Tex. Feb. 23, 2006) (finding that a correctional officer's use of pepper spray, a chokehold, and his knee in an inmate's back was reasonable to restore order and discipline after the inmate refused his commands); *McDowell v. Wilkinson Ctny. Corr. Facility*, 2008 WL 5169632 (S.D. Miss. Dec. 3, 2008) (finding that using pepper spray on and slapping an inmate for refusing a search and talking disrespectfully to officer was reasonable). Accordingly, Defendants are entitled to summary judgment as a matter of law on Plaintiff's excessive force claims.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [30] be GRANTED.

2. Plaintiff's claims be DISMISSED with prejudice.

3.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 7th day of January, 2022.

s/ Michael T. Parker
United States Magistrate Judge